

JLS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROHN RENNA** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO.** 17  3140 |
| **v.** | : | |
| | : | |
| **LIFE INSURANCE** | : | **ERISA - JURY TRIAL NOT** |
| **COMPANY OF NORTH AMERICA** | : | **REQUESTED** |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

### I. Jurisdictional Statement

1. Rohn Renna's claim relates to an "employee welfare benefit plan" as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The subject Group Long Term Disability Plan of the PPL Services Company ("PPL"), his employer, constitutes a plan under ERISA. Plaintiff alleges that this Court's jurisdiction is additionally invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f).

2. Venue is proper under ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because such action may be brought where (1) the plan is administered, (2) where the breach took place, or (3) where the Defendant resides or may be found.

3. At all times relevant herein, and for a significant period of time prior thereto, Plaintiff was a Facilities Management Worker employed by PPL, and as such has standing to bring this action under ERISA, 29 U.S.C. § 1132(a). He is a vested "participant" in the group plans within the meaning of 29 U.S.C. § 1002(2)(7).

4. Venue is proper in the Eastern District of Pennsylvania. 29 U.S.C. 1132(e)(2), 28 U.S.C. § 1391.

## II. Nature of Action

5. This is a claim for an award to Plaintiff of Long Term Disability Insurance Benefits pursuant to a policy of insurance underwritten by the Life Insurance Company of North America to provide Long Term Disability Insurance Benefits ("Plan") to employees of the PPL. This action is brought pursuant to § 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)).

## III. The Parties

6. Plaintiff, Rohn Renna (hereinafter "Plaintiff"), D.O.B. December 15, 1956, is an adult individual who is a citizen of the Commonwealth of Pennsylvania, County of Northampton, residing at 111 National Park Road, Bangor, Pennsylvania 18013.

7. At all times relevant, Plaintiff had been a Facilities Management Worker employed by the policyholder, PPL.

8. Life Insurance Company of North America (hereinafter "Defendant") offers group life, accident and disability insurance coverage. Defendant operates as a subsidiary of Connecticut General Corporation.

9. Defendant's principal place of business and headquarters are located in the Commonwealth of Pennsylvania at 1601 Chestnut Street, 2 Defendant Place, Philadelphia, Pennsylvania 19192.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); and incident to his employment, Plaintiff received coverage under the Plan as a "participant" as defined by 29 U.S.C. § 1002(7). This claim relates to the forgoing Plan.

2

11. At all times relevant, Defendant was a fiduciary of the Group Long Term Disability Plan within the meaning of ERISA § 3 (21), 29 U.S.C. § 1002(21)(A) in that Defendant was appointed by the Plan Administrator for the Plan as a "named fiduciary" and exercised authority and control over the payment of Long Term disability benefits, which are Plan assets.

12. Defendant is also the "appropriate named fiduciary" of the Long-Term Disability Plan as described in 29 C.F.R. § 2560.503-1(g)(2), and therefore functioned as the Long-Term Disability Plan Administrator for claims procedure proposes.

## IV. The Policy

13. Defendant issued Group Long Term Disability ("LTD") Insurance coverage to the PPL, Policy No. LK0030562. That Policy provides income replacement of up to 60% of Plaintiff's monthly earnings up to a maximum of $5,000.00. The Policy contains a 6 month [180 day] Elimination Period and provides monthly benefits up to age 65.

14. Plaintiff's monthly earnings prior to disability, were $3,7077.71.  Plaintiff is therefore entitled to a Monthly Benefit of $1,847.00.

15. The LTD Policy defines *"Disability/Disabled as:*

> *a.      Disability or Disabled mean that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness is unable to perform all the Material Duties of their regular occupation or they are unable to earn more than 80% of their Indexed Covered Earnings; and,*
>
> *b.      Thereafter, the Covered Person is unable to perform all the material duties of any occupation for which they may reasonably become qualified based on education, training or experience, or solely due to injury or sickness, they are unable to earn more than 80% of their Indexed Covered Earnings.*

## V. Failure to Pay Benefits Due Under the Group Long Term Disability Plan

## I. The Disability Claim – Extensive Medical History

16. On March 13, 2015, Plaintiff ceased working for PPL as a Facilities Management Worker due to stress, depression and anxiety.

17. In addition to the above impairments, Plaintiff also suffers from: paroxysmal atrial fibrillation which causes heart palpitations, obesity, post-traumatic stress disorder, panic disorder, fatigue, high blood pressure and insomnia.

18. Plaintiff's anxiety causes panic attacks, poor focus and concentration, profound insomnia, decreased energy with loss of interest in doing things he normally likes doing, isolation, weight loss, flashbacks of the conflict, headaches and irritability.

19. Plaintiff's treating therapist Josephine Martin notes that Plaintiff's abnormal clinical findings include, depression with anhedonia, decreased concentration, emotional distress, sleep disturbances, hypervigilance and panic attacks with physical manifestations.

20. On October 15, 2015, Ms. Martin completed Defendant's Nurse Case Manager's Questionnaire wherein she opined that Plaintiff's moderate to severe PTSD, panic attacks, anger, insomnia, poor concentration, is exacerbated by certain situations and prevented Plaintiff from returning to work. She stated that Plaintiff was unable to perform all work-related tasks and that he could not be around people or noise, that he was not sleeping well and was fatigued. Lastly, she stated that based on her observations of Plaintiff, his focus and concentration was poor.

21. Plaintiff is prescribed numerous medications including: Losartan 100mg, Hydrochlorothiazide 12.5 mg for depression, Prazosin 1 mg for blood pressure and PTSD, Metoprolol Succinate ER 100 mg tablet extended release 24 hour daily beta blocker,

Paroxetine 20mg tablet, Alprazolam .25 mg for anxiety, Ternazepam 30 mg for anxiety and sleep.

22. On January 28, 2016, Dr. Rotenberg conducted an Independent Medical Exam ("IME"). He noted during the IME that Plaintiff has never seen a psychiatrist and needs to see one. He diagnosed Plaintiff with Paranoid Personality Disorder with anxiety and opined that it would require life-long management because "it will never change and there is no recovery."

23. In March of 2016, Dr. Cinelli noted that he had recently prescribed Plaintiff Wellbutrin for his anxiety, but it was not improving his symptoms.

24. On April 29, 2016, Dr. Cinelli attended a deposition wherein he testified that he first began treating Plaintiff for his anxiety around March of 2015. He testified that during the course of Plaintiff's treatment, his symptoms persisted, progressed and he struggled. In addition to anxiety, Plaintiff continued to have difficulty with sleeping, flashbacks, trouble focusing, concentrating and irritability. As of this date, Dr. Cinelli opined that Plaintiff was not released to work because he was still very symptomatic.

25. On June 29, 2016, Dr. Bergan, board certified in preventative medicine/occupational medicine, completed a file review for Defendant and opined that for the period of 3/13/15 to the present, Plaintiff was not physically functionally limited by either his atrial fibrillation and hypertension and did not require any medically necessary work activity restrictions due to the fact that his conditions were adequately controlled and there were no reported medication side effects.

26. On July 8, 2016, Defendant's Doctor, Dr. Rosenfeld, board certified in Psychiatry and Neurology, completed a file review and concluded that the Plaintiff's diagnosis of anxiety

disorder is appropriate based on the medical records, but also that he did not require a single restriction or limitation resulting from that impairment. Dr. Rosenfeld supports this conclusion by citing, "there are no abnormalities noted in appearance, behavior, speech, motor activity, mood affect, thought process, thought content or cognition.... He does not require a referral for psychiatric evaluation or for the treatment at a more intensive level of care. The clinical findings and treatment plan do not support functional impairment from a psychiatric condition warranting work activity restrictions."

27. On July 13, 2016, after review of Dr. Rotenberg's IME report and Dr. Cinelli's deposition, Dr. Rosenfeld completed an addendum to her file review by stating that, "review of the additional medical records did not change my prior recommendation. No new clinical information was provided that indicates severe psychiatric pathology causing functional impairment from a psychological condition warranting restrictions and limitations."

28. Dr. Rosenfeld does remark that Dr. Rotenberg's, mental status exam performed during the IME, documents that Plaintiff was "surly, angry, suspicious and slightly paranoid," yet fails to explain why these seemingly severe findings would not change her prior opinion.

29. Dr. Rosenfeld fails to mention or note that Dr. Rotenberg also documented weight gain from 218 to 270 pounds.

30. Dr. Rosenfeld also entirely fails to mention or document Dr. Rotenberg's other abnormal mental status exam findings, including but not limited to "sullen, coiled, hostile, adequate effect and irritable mood."

31. Dr. Rosenfeld's opinion clearly differs from that of Dr. Rotenberg's that Plaintiff does not require a referral for psychiatric evaluation or for treatment at a more intensive level.

32. On August 15, 2016, Plaintiff's therapist Ms. Martin completed Interrogatories wherein she opined that since June 14, 2016, Plaintiff's mental health impairments have stayed the same in that he continued to live in fear that his co-workers would carry out threats to do him harm. The fear continued to cause loss of sleep which was negatively impacting Plaintiff's daily functioning.

33. Ms. Martin reviewed Plaintiff's job description as described by the Dictionary of Occupational Titles ("DOT"). She opined that based on her treatment and observations of Plaintiff, he would be unable to perform all the material duties of that occupation.

34. The totality of the evidence establishes mental health impairments that preclude Plaintiff from performing the material and substantial duties of his regular occupation.

35. Defendant's reliance on the medical opinions of non-examining and non-treating medical consultants is wrong and unreasonable where the evidence establishes mental health impairments that preclude Plaintiff from performing the material and substantial duties of his regular occupation.

## II. The Disability Claim – Claim for Benefits

36. On June 26, 2015, Plaintiff notified Defendant that he intended to file a claim for LTD benefits.

37. On July 27, 2015, Defendant sent Plaintiff a letter acknowledging receipt of his claim for LTD benefits and indicating that Defendant was reviewing Plaintiff's eligibility for disability benefits.

38. On October 23, 2015, Defendant denied Plaintiff's claim for Long Term Disability benefits.

39. On April 28, 2016, Defendant advised that per their **October 23, 2016**, letter, his LTD claim remained closed despite their receipt of updated Office Visit Notes dated 3/11/15 – 3/10/16 from Dr. Cinelli and a letter from Ms. Martin.

40. Defendant's April 28, 2016, correspondence incorrectly identifies the date of the October 23, 2015, letter as **October 23, 2016**.

41. Defendant never had Plaintiff examined prior to denying his claim for Long Term Disability benefits.

### III. The Disability Claim – Appeal of Denial of Benefits

42. On April 15, 2016, Plaintiff filed an appeal of the denial of his LTD benefits.

43. By letter dated July 26, 2016, Defendant denied Plaintiff's appeal of the denial of LTD benefits and advised that a second, voluntary appeal request could be filed within 180 days.

44. On December 20, 2016, Plaintiff filed a voluntary second appeal. Ms. Martin's August 15, 2016, interrogatory responses were attached as an exhibit to the appeal.

45. In both of Plaintiff's appeals, he alleged that Defendant failed to provide him with a full and fair review of his claim.  Defendant relied upon a paper review to support its decision to deny LTD benefits even though the Plan expressly permitted a physical examination. Defendant's medical consultant "cherry picked" amongst the medical records provided and failed to take into consideration the opinions of Plaintiff's treatment providers who found that he suffered "serious symptoms" per the DSM-V and was unable to perform all the material duties of his regular occupation.

46. On December 21, 2016, Defendant send correspondence advising that they received Plaintiff's December 20, 2016, appeal with Ms. Martin's interrogatory responses, but that they were unable to accept the appeal request because no additional medical records

8

documenting clinical findings, diagnostic studies, examination findings, etc., were submitted to support Ms. Martin's assessment of Plaintiff's condition and work capabilities.

47. On January 10, 2017, Plaintiff again submitted an appeal request along with January 7, 2017, office visit notes from Dr. Cinelli.

48. On January 23, 2017, Defendant send correspondence advising that they received Plaintiff's January 10, 2017, appeal with the January 7, 2017, office visit notes from Dr. Cinelli, but that they were unable to accept the appeal request because the information was not relevant to the period of time in question.

49. On February 17, 2017, Plaintiff responded that Defendant must accept the timely filed, voluntary, second appeal and office visit notes from Dr. Cinelli because it constituted new evidence.

50. Dr. Cinelli's office visit notes are dated January 7, 2017, so they fall within the time period of March 2015 through January 23, 2017, the time period for which Defendant requested new evidence in its January 23, 2017, letter.

## COUNT I. – FIRST CAUSE OF ACTION
## [FOR DECLARATORY RELIEF PURSUANT TO 29 U.S.C. § 1132(a)(1)(b)]

51. Paragraphs 1 through 50 are incorporated herein by reference as if fully set forth at length.

52. An actual controversy exists between Plaintiff and Defendant arising out of the events alleged herein above. Plaintiff contends that Defendant has no legal basis for denying LTD benefits, which have been wrongfully withheld.

53. Plaintiff contends that the denial of LTD benefits is a breach of the Group Long Term Disability Plan; the practices of the Defendant should be estopped on the basis of equity; that the practices of Defendant are arbitrary and capricious; that the practices of Defendant

fail to satisfy the minimum requirements of ERISA; and the practices of Defendant are barred as a matter of law.

54. Plaintiff contends that Defendant denied him a "full and fair review" of all of his records submitted by failing to consider information directly related to his LTD claim, minimized and/or failed to review or consider the findings of his treatment providers, while simultaneously attaching greater weight to the findings of the Defendant's medical consultants.

55. Plaintiff contends that the decision to deny LTD benefits and deny his appeal for benefits was wrongful, unreasonable, irrational, arbitrary and capricious, solely contrary to the evidence and contrary to the terms of the policy and the law and an abuse of discretion.

## COUNT II – SECOND CAUSE OF ACTION
## [FOR RECOVERY OF PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)]

56. Paragraphs 1 through 55 are incorporated herein by reference as if fully set forth at length.

57. Defendant wrongfully denied LTD benefits based on an unfair, incomplete, arbitrary and capricious review of Plaintiff's medical records and information, and the insufficient and inaccurate reports of their own reviewers.

58. Plaintiff contends that in denying LTD benefits, Defendant disregarded substantial evidence, including medical records and other medical reports.

59. Under the terms of the Group LTD Plan, Defendant unreasonably breached its promise to provide Plaintiff with certain LTD benefits.  To date, Defendant has failed to honor this promise and continues to refuse to pay Plaintiff all benefits to which he is rightfully entitled.

60. Plaintiff has satisfied and continues satisfy all conditions precedent under the Group LTD Plans and is thus eligible to receive LTD benefits.

10

61. Plaintiff has not waived or otherwise relinquished his entitlement to benefits under the Group LTD Plan.

62. Plaintiff seeks reimbursement and compensation for any and all benefits he should have received from December 22, 2015, [Date of Disability plus 180 days] through the present.

63. Defendant breached its obligations under ERISA to provide Plaintiff benefits even though his benefits are covered under the terms of the Group LTD Plan.

64. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to pay benefits to Plaintiff, he has been damaged in an amount equal to the amount of benefits to which he is entitled under the terms of the Group LTD Plan.

**WHEREFORE**, Plaintiff prays for judgment as follows:

A.     On Count I:

1. A declaration that Plaintiff is disabled and entitled to the payment of benefits under the Group LTD Plan;

2. A declaration that Defendant is hereinafter estopped from wrongfully denying Plaintiff benefits under the Group LTD Plan without a legal basis to do so;

3. A declaration that Defendant is hereinafter estopped from denying Plaintiff benefits as a denial of such benefits is a breach of the Group LTD Plan.

4. A declaration that Defendant is hereinafter estopped on the basis of equity from continuing to deny disability benefits wrongfully withheld from Plaintiff;

5. A declaration that Defendant is hereinafter estopped from wrongfully denying benefits to Plaintiff contrary to clear, compelling and substantial medical and functional evidence.

6. Plaintiff requests the payment of reasonable attorney fees, costs and interest.

7. Plaintiff requests such other and further relief as the Court deems appropriate.

B.    On Count II:

1.  Plaintiff seeks a declaration of Plaintiff's right to benefits (past, present and future) under the terms of the Group LTD Plan;

2.  Payment of all past benefits due Plaintiff under the terms of the Plan, with an award of pre-judgment interest;

3.  Plaintiff requests the payment of reasonable attorney fees, costs and interest.

4.  Plaintiff requests such other and further relief as the Court deems appropriate.

By: _____

Mary LeMieux-Fillery, Esq.
Attorney I.D. No. 312785
MARTIN LAW
1818 Market Street, 35th Floor
Philadelphia, PA 19103
(215) 587-8400
Attorney for Plaintiff

Date: _____July 5, 2017_____

13

JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**   5:17-CV-3140

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Rohn Renna<br>111 National Park Road, Bangor, PA 18013 | Life Insurance Company of North America |
| **(b)** County of Residence of First Listed Plaintiff   Northampton, PA<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Philadelphia, PA<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Mary LeMieux-Fillery, Martin Law, 1818 Market St., 35th Fl.<br>Philadelphia, PA 19103 | Attorneys *(If Known)* |

**17  3140**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☒ 790 Other Labor Litigation<br>☒ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C § 1001 et seq.

Brief description of cause:
Plaintiff claims long term disability under an employee welfare benefit plan governed by ERISA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____   DOCKET NUMBER _____

**JUL 13 2017**

DATE   07/11/2017

SIGNATURE OF ATTORNEY OF RECORD   / Mary LeMieux-Fillery, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ___111 National Park Road, Bangor, PA 18013___

**17    3140**

Address of Defendant: ___1601 Chestnut Street, Philadelphia, PA 19192-2235___

Place of Accident, Incident or Transaction: ___Northampton, PA___
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))         Yes☐  No☒

Does this case involve multidistrict litigation possibilities?         Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?         Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) __ERISA__

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, ___Mary LeMieux-Fillery, Esq.___, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __07/11/2017__     Mary LeMieux-Fillery, Esq. -Attorney-at-Law     312785
                                                                       Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __07/11/2017__     Mary LeMieux-Fillery, Esq. -Attorney-at-Law     312785
                                                                       Attorney I.D.#

**JUL 13 2017**

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Rohn Renna

v.

Life Insurance Company of North America

CIVIL ACTION

NO.              17        3140

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (x)

07/11/2017                                                              Rohn Renna
**Date**              Mary LeMieux-Fillery, Attorney-at-law          **Plaintiff**

 (215) 587-8400              (267) 765-2031                  LTDTeam@paworkinjury.com

**Telephone**              **FAX Number**                  **E-Mail Address**

(Civ. 660) 10/02

JUL 13 2017